The opinion of the Court was delivered by
JohnsoN, J.
It is not my purpose, nor is it deemed necessary, to enquire, whether the limitation over, of the negro, Rósela, after the death of the complainant, Mrs. Baker, can or cannot take effect. It is a question, perhaps, not entirely free from difficulty. But be that as it may, if she took an absolute property, the bill of sale, by way of mortgage, made by her husband to the defendant, Red, is good, and binds her. So, if she took only a legal estate for life, the mortgage is good to that extent, and she has no cause of complaint. It is only necessary, therefore, to enquire, whether under the will of her father, Thomas Userry, out of which these questions arise, she took any interest which was subject to the disposition of her husband, or rendered the negro liable for his debts. The following is the provision of the will before alluded to, " item, I lend unto my daughter Elizabeth, (the complainant,) enduring her natural life, my negro girl, Rósela, at the discretion of my executors, from year to year as they shall think proper; and then said Ró-sela, and her increase, to be equally divided amongst the heirs of her body, and in case the said Elizabeth shall die without issue, then the said Rósela, and her increase, to be equally divided amongst all my other heirs.” Every man of competent age, possessing a sound and disposing mind and memory, has a right to prescribe a rule for the disposition of his property after his death. His will or testament is evidence of his intention as to *195 the manner of disposition, and all the rules of construction have been framed to ascertain that intention. To effectuate this, it is admissible to substitute, or for and, and e converso. The strict grammatical construction may be disregarded, and words and sentences transposed: 1 Rob. on Wills, 490. In short, there is no limitation to the powers of construction according to the intent, but certain arbitrary rules rendered necessary by the laws of property.
Let the question then be put — what estate did the testator intend, by this bequest, to give to the complainant, in the negro Rósela 1 He certainly did not intend to give her the absolute property ; for her interest is in. terms limited to her life ; and, whether the limitation over is good or bad, is immaterial to this question, for that depends on an arbitrary rule.- It is, I think, equally certain, that he did not intend to give her an absolute unconditional life estate. If that had been his intention, it was sufficiently expressed by the terms “ enduring her natural life,” and he would not have encumbered it with “ at the discretion of my executors from year to year, as they shall think prover and I venture to affirm, that no one ever yet employed these terms, in the belief that they were necessary or fit, in a bequest of an unconditional life estate. He must then have employed them for some other use, and if it be practicable to ascertain the intent, we are bound to give it effect. The word lend is also used in connection with this qualification of the interest given — “ I lend unto my daughter,” &c. In its legal sense, as well as in its common acceptation, the term loan is used to express a property in the things lent, limited by the contract of lending, or determinable at the will of the lender. The thing lent, must be used in the manner contemplated, for if the borrower use it otherwise, he is liable to the lender, — it is, therefore, necessarily personal in the borrower. If the time be limited by the contract, or if it be terminated by the will of the lender, the thing must be restored, or the borrower is liable toan action. Jones on Bailm. 74. I know that the word lend, in a will, is frequently interpreted give, but that is to give effect to the inten *196 tion. Thus, if] a testator .says, “I lend my servant Dick to my son John forever,” it will be construed give, because a loan, would be inconsistent with the extent and duration of the property given... But here it is connected with “ at the discretion of my executors from year to year as they shall think proper,” and these térras, if they mean anything, hot only do not control the technical meaning of the word ¿end, but expressly limit the loan from year to year; and even then it is determinable at the will of the .executors. Tt is then a loan .in the strict sense of the word. It is personal to the complainant, nor can she use the negro, otherwise than contemplated, and, she must have her ready, át the end of each year, to be delivered to the executors,if they shall think proper to terminate the loan; — and this is-utterly inconsistent' with the power of disposition 'by the husband, or liability to his debts. To enable the executors to exercise any discretion over the .negro, 'it was indispensably necessary that the legal interest should abide in them; for the exercise of a discretion' over property in which one has no interest, involves an absurdity. No precise form of. words was necessary to create a trust in them; for, when it'is necessary to carry into effect the.intention of the testator, it arises by necessary implication. The case of Graves vs. Johnson, decided at May Term, 1830, is in point, and I think the principle is deducible from Foley vs. Burnell, Cowp. 445, note. The legal property, therefore, remained in the executors, as indispensably necessary to carry the ' testator’s intention into effect. It is remarked, in'the Circuit Court decree, as the basis of the judgment, that-the executors had exercised their discretion by delivering up the negro to the complainant, and suffering her to retain the possession for a long period. It was a trust reposed in them of which they could not divest themselves,-as was said in Graves vs. Johnson, and besides that, the possession of Mrs. Baker was in the direct execiition'of the trust, and her retaining possession, was evidence of their assent from year to year, and no- more. I am, therefore, of opinion, that the legal estate in the-negroes is in the executors of the testator, Thomas Userry, in trust for the *197 use of the complainant from year to year until they shall think proper to determine it; that her possession is consistent with, and in pursuance of the trust, and consequently, that her husband had no power to dispose of them.
It is, therefore, ordered and decreed, that the decree of the Circuit Court, directing that the negroes, mentioned in the complainant’s bill, be sold by the Commissioner to satisfy the debts due to the defendant, Sami. Red, by the defendant, Williamson Baker, and for dissolving the injunction heretofore granted, to restrain the said Red from selling the said negroes, be and the same is hereby set aside and reversed ; and that the said injunction be made perpetual, and that each of the parties pay their, own costs.
MautiN, J., concurred.
O’Neall, J., was of counsel in the cause, and gave no opinion.

Decree reversed.